EAG:NEM
F. # 2015R01933

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

LUIS GONZALEZ,

           Defendant.

- - - - - - - - - - - - -X

**16M174**

**TO BE FILED UNDER SEAL**

COMPLAINT AND
AFFIDAVIT IN
SUPPORT OF
APPLICATION FOR
ARREST WARANT

(21 U.S.C. § 841(a)(1), 18 U.S.C.
§§ 924(c)(1)(a)(i) and 3551
et seq.)

EASTERN DISTRICT OF NEW YORK, SS:

    Seth Mastropaolo, being duly sworn, deposes and states that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

    On or about January 21, 2015, within the Eastern District of New York, the defendant LUIS GONZALEZ, did knowingly and intentionally possess with intent to distribute one or more controlled substances, which offense involved (1) a substance containing heroin, a Schedule I controlled substance, (2) a substance containing cocaine, a Schedule II controlled substance; (3) 28 grams or more of a substance containing cocaine base, a Schedule II controlled substance and (4) a substance containing morphine, a Schedule II controlled substance.

    (Title 21, United States Code, Sections 841(a), 841(b)(1)(B)(iii) and 841(b)(1)(C) and Tile 18, United States Code, Sections 3551 et seq.))

On or about January 21, 2015, within the Eastern District of New York, the defendant LUIS GONZALEZ did knowingly and intentionally use and carry a firearm during and in relation to a drug trafficking crime, to wit: the possession with intent to distribute one or more controlled substances, which offense involved (1) a substance containing heroin, a Schedule I controlled substance, (2) a substance containing cocaine, a Schedule II controlled substance, (3) 28 grams or more of a substance containing cocaine base, a Schedule II controlled substance, and (4) a substance containing morphine, a Schedule II controlled substance, and did knowingly and intentionally possess such firearm in furtherance of said drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for approximately sixteen years. I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for crimes related to unlawful possession and use of firearms, including armed robberies. These investigations are conducted both in an undercover and overt capacity. I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the techniques and methods of operation used

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

2. On January 20, 2015, members of the New York City Police Department responded to a report that John Doe, an individual whose identity is known to the affiant, had been kidnapped from the vicinity of Marcy Avenue and South 5th Street in Brooklyn. According to witnesses, a car stopped in front of John Doe. A Hispanic male exited the car, displayed a firearm and then fired multiple rounds, which struck two unoccupied vehicles. This individual then approached John Doe, who had exited his car, and forced him into the assailant's car at gunpoint. According to John Doe, once inside the car, the assailant demanded cash from John Doe, who then surrendered $50. John Doe's driver's license was also taken. After taking John Doe's money, the assailant allowed John Doe to leave the assailant's vehicle.

3. On January 21, 2015 an NYPD police officer observed a car that fit the description of the vehicle used in the January 20, 2015 kidnapping in the vicinity of 391 Lorimer Street in Brooklyn – approximately a six minute drive from the location of the kidnapping. He noticed that the car had excessively tinted windows, and saw that the vehicle sat in the intersection of traffic for approximately 3 – 5 minutes. After viewing these infractions, the officer approached the vehicle and asked the driver for his license and registration. The driver, later determined to be LUIS GONZALEZ, pulled down his visor and the officer observed two drivers licenses in the visor. The officer asked GONZALEZ about the licenses and GONZALEZ provided them to him. One license depicted John Doe and the other depicted a woman. GONZALEZ then provided his license to the officer. A Department

of Motor Vehicles check revealed that the defendant's license was suspended. The defendant was placed under arrest.

4. A search incident to arrest was conducted and a small amount of a substance that field tested positive for marijuana was recovered from GONZALEZ'S person. After GONZALEZ's arrest, his vehicle was inventoried. During the inventory search, police officers recovered five boxes from the front passenger seat each containing hundreds of empty white glassines. Based on my training and experience, glassines like those found in GONZALEZ's vehicle are used to package heroin.

5. On January 22, 2015, the Honorable Ruth Shillingford signed a search warrant that authorized the search of GONZALEZ's vehicle. When officers executed this search warrant they recovered: a loaded Taurus .45 caliber firearm, heroin, cocaine, 29 grams of cocaine base, morphine, additional glassines consistent with heroin packaging, small Ziploc bags that, based on my training and experience, are used to package crack cocaine, and plastic bags that, based on my training and experience, are used to package powder cocaine.

6. LUIS GONZALEZ consented to the collection of a DNA sample by buccal swab, and the sample was collected on or about July 13, 2015.

7. The Office of Chief Medical Examiner, Department of Forensic Biology ("DNA Lab") conducted an analysis of DNA found on the firearm recovered from LUIS GONZALEZ'S vehicle. DNA swabbing was done on the firearm. Human DNA sufficient for STR DNA typing was found on the trigger/trigger guard and the backstrap/grips of the firearm. The DNA Lab then compared the DNA profile of GONZALEZ to the mixture of DNA recovered from the firearm. The DNA Lab determined that the DNA mixture found on

the swab from the trigger/trigger guard of the firearm is approximately 222,000,000 times more probable if the sample originated from GONAZLEZ and two unknown, unrelated persons than if it originated from three unknown unrelated persons. The DNA Lab also determined that the DNA mixture found on the swab from the backstrap/grips of the firearm is approximately 931,000,000 times more probable if the sample originated from GONAZLEZ and two unknown, unrelated persons than if it originated from three unknown unrelated persons. In conclusion, the DNA Lab found that there was very strong support, the DNA Lab's highest endorsement, that GONZALEZ and two unknown, unrelated persons contributed to the mixture on both the trigger/trigger guard and the backstrap/grips.

WHEREFORE, your deponent respectfully requests that the defendant LUIS GONZALEZ, be dealt with according to law.

_____
Seth Mastropaolo
Special Agent, Bureau of Alcohol, Tobacco and Firearms

Sworn to before me this
1 day of March 2015

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK